UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**LESLEY VOWELS**                                                                                              **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:25-cv-00806-JHM**

**BEACON COMMUNITY**
**CREDIT UNION,** *et al.*                                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Lesley Vowels initiated this *pro se* action in Jefferson District Court, Jefferson County, Kentucky, against Defendants Beacon Community Credit Union (Beacon), Penny Haseker, Stephanie Rasco, and Lorri Hill.[1]  The complaint asserts claims under the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), the Fifth and Fourteenth Amendments to the U.S. Constitution, and state law arising from the repossession of her 2021 Jeep Renegade vehicle.  Defendants removed this case pursuant 28 U.S.C. §§ 1331, 1441.  Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2]

**I.**

Plaintiff's complaint states:

> [I] am filing a civil action against Beacon Community Credit Union for the unlawful repossession of my 2021 Jeep Renegade, which was conducted without prior notice or opportunity to cure, in breach of contract and in violation of my statutory right to cure under KRS 355.9-609 and KRS 355.9-611. This repossession occurred while my vehicle loan was actively covered under a pending disability claim with TruStage, and my required medical documentation was not due until

---

[1] Plaintiff initially filed this action on November 14, 2025, under Case No. 25-C-033095.  This is one of two removed cases against Defendants asserting claims arising from the same facts.

[2] "Under Sixth Circuit authority and § 1915's aims, federal courts should screen a removed complaint if a state court grants a plaintiff pauper status before removal." *Anderson v. Memphis Union Mission*, No. 222CV02402TLPATC, 2023 WL 2429496, at *2 (W.D. Tenn. Mar. 9, 2023) (collecting cases).  The Court notes that Plaintiff was granted leave to proceed *in forma pauperis* in the state court but has been deemed a vexatious litigant and is enjoined from proceeding *in forma pauperis* in the Western District of Kentucky.  *See LLC Consulting v. Vowels*, No. 3:24-CV-00645-RGJ, 2024 WL 4800194, at *2 (W.D. Ky. Nov. 15, 2024).

December 1, 2025. Beacon's actions constitute a violation of due process and contractual obligations, resulting in substantial financial and personal harm.

Plaintiff alleges that she purchased the vehicle in November 2024. Additionally, she alleges that she purchased a "Disability Protection Plan" through Beacon. The allegations suggest that the plan, presumably administered by TruStage, serves to insure coverage of missed loan payments in the event of disability. Plaintiff states that her disability claim was pending insofar as she had until December 1, 2025, to submit medical documentation to TruStage. Yet on November 11, 2025, Beacon "unlawfully repossessed my vehicle without notice or opportunity to cure . . . ." Additionally, Beacon reported the account delinquent to the three major credit bureaus, resulting in a significant decrease in Plaintiff's credit score. Plaintiff's lack of credit worthiness prevented her from purchasing a home and caused her to have housing instability.

Plaintiff asserts that Beacon's actions violate the FDCPA, the FCRA, Kentucky state law, and the Fifth and Fourteenth Amendments on due process and equal protection grounds. As relief, she seeks various forms of injunctive relief and monetary damages.

**II.**

Because Plaintiff was proceeding *in forma pauperis* in state court, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16,

2

19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

#### A. Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

Plaintiff broadly alleges that Beacon's repossession of the 2021 Jeep Liberty violates the FDCPA, the aim of which is "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, Plaintiff must allege that: (1) she is a "consumer"

3

under the FDCPA; (2) the "debt" arises out of transactions entered primarily for personal, family or household purposes; (3) the defendant is a "debt collector" as defined by the FDCPA, and (4) the defendant violated a provision of the FDCPA in attempting to collect a debt. *Jenkins-Parks v. First Horizon Bank*, No. 25-CV-2205-SHL-TMP, 2025 WL 2180617, at *3 (W.D. Tenn. July 14, 2025), *report and recommendation adopted*, No. 2:25-CV-02205-SHL-TMP, 2025 WL 2176534 (W.D. Tenn. July 31, 2025) (quoting *White v. Universal Fid., LP*, 793 F. App'x 389, 391 (6th Cir. 2019)).

Even assuming Plaintiff plausibly alleges the first two elements, she does not allege that Beacon is a "debt collector" for purposes of the FDCPA. "The statute defines a 'debt collector' as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting 15 U.S.C. § 1692a(6)). It is well-settled that a "debt collector" does not include a consumer's creditors, such as banks and credit unions, seeking to collect on their own accounts. *See id.*; *see also*, *e.g.*, *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003) ("[A] creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts."); *Rajapakse v. Credit Acceptance Corp.*, No. 19-1192, 2021 WL 3059755, at *3 (6th Cir. Mar. 5, 2021) ("[A] debt owner, who seeks to collect a debt for itself, is not a debt collector as defined by the FDCPA"); *Swallow v. Wells Fargo Bank, N.A.*, 713 F. Supp. 3d 420 (N.D. Ohio 2024) (explaining FDCPA's definition of "debt collector" and holding that plaintiff failed to state a claim that bank qualified as such).

Here, Plaintiff does not allege that the principal purpose of Beacon's business is debt collection, nor does she allege that Beacon was attempting to collect a debt on behalf of a third party. The complaint's threadbare allegations, at most, suggest that Beacon is the lender of the auto loan for the subject vehicle. This is insufficient to state a plausible claim under the FDCPA, which requires the defendant to be is a debt collector. Accordingly, Plaintiff's claim must be dismissed for failure to state a claim upon which relief may be granted. *See Jenkins-Parks*, 2025 WL 2180617, at *3 (dismissing on initial review where plaintiff "has not plausibly alleged any facts . . . suggesting that First Horizon (a bank) qualifies as a debt collector").

### B. Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*

Plaintiff alleges that Beacon is "guilty of false credit reporting to the three major credit bureaus-Experian, Equifax, and Trans Union" and "unlawfully reported this account as delinquent and in default while my payments were covered under an active disability claim with TruStage" in violation of the FCRA.

"Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished." *Downs v. Clayton Homes, Inc.,* 88 F. App'x 851, 853–54 (6th Cir. 2004) (citing 15 U.S.C. § 1681s–2). "A private cause of action [under § 1681s–2] against a furnisher of information *does not arise until a consumer reporting agency provides proper notice of a dispute*." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) (citing *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615–16 (6th Cir. 2012) (emphasis added)). "Thus, to plausibly state a claim under § 1681s-2(b), a plaintiff must at least allege that they disputed an inaccuracy with a consumer reporting agency, that the consumer reporting agency then notified the furnisher of that dispute, and that the furnisher

then violated a statutory duty under § 1681s-2(b)(1)(A)-(E)." *Jenkins-Parks*, 2025 WL 2180617, at *2 (citing *Rajapakse*, 2021 WL 3059755, at *2). "The [§ 1681s-2 ](b)(1) duties require the furnisher, to, *inter alia*, 'conduct an investigation with respect to the disputed information' and 'review all relevant information provided by the consumer reporting agency.'" *Hussey v. Equifax Info. Servs., LLC*, 592 F. Supp. 3d 688, 692 (W.D. Tenn. 2022) (quoting 15 U.S.C. § 1681s-2(b)(1)(A)–(B)).

The complaint contains no allegations that Plaintiff disputed this debt with a credit reporting agency, that Beacon received notice of a dispute from a credit reporting agency, or that Beacon violated a duty under § 1681s-2(b)(1)(A)-(E). As such, Plaintiff's allegations fail to state a claim upon which relief can be granted. *See Jenkins-Parks*, 2025 WL 2180617, at *2 (dismissing FCRA claim on initial review where plaintiff failed to allege the nature of the inaccuracy, notification by a credit reporting agency, or a statutory duty violated by the defendant).

### C. Constitutional Claims

Plaintiff alleges, in conclusory fashion, that Beacon's repossession of her 2021 Jeep Renegade "constitutes a violation of my rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution." Assuming Plaintiff seeks to assert a 42 U.S.C. § 1983 civil rights claim, she must allege that a person acting under color of state law deprived her of a right secured by the federal Constitution or laws of the United States. *See* § 1983; *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Plaintiff does not allege that Beacon or any of the Defendants are state actors. In any event, "courts have routinely held that banks and credit unions (and their employees) are 'not state actors.'" *Edwards v. Bazerghi*, No. CV 23-11704, 2024 WL 1000162, at *2 (E.D. Mich. Jan. 16, 2024), *report and recommendation adopted*, No. 23-11704, 2024 WL 492776 (E.D. Mich. Feb. 8, 2024), *appeal*

*dismissed*, No. 24-1204, 2024 WL 2972811 (6th Cir. Mar. 29, 2024) (collecting cases). Plaintiff fails to state a claim upon which relief can be granted, and this claim must be dismissed.

### D. State Law Claims

Plaintiff alleges that Beacon's repossession violates "Kentucky's Right to Cure provisions under [Kentucky Revised Statutes] KRS 355.9-609 and KRS 355.9-611." Neither Ky. Rev. Stat. § 355.9-609 ("Secured party's right to take possession after default") nor § 355.9-611 ("Notification before disposition of collateral") appear to contain a "right-to-cure" provision, and accordingly the Court cannot discern sufficient facts to support a viable claim under Kentucky's secured transactions statute. *See Smith v. Westlake Vinyls,* Inc., 403 F. Supp. 3d 625, 631 (W.D. Ky. 2019) ("Smith's Complaint contains nothing more than vague allegations, which fail to state a claim under the *Iqbal*/*Twombly* standard and fall outside KRS § 336.130's scope.").

Plaintiff also makes passing reference Ky. Rev. Stat. §§ 411.184 and 413.200 in the complaint, setting forth no facts to support any potential claims. Section 411.184 is Kentucky's punitive damages statute, *see Anderson v. Wade*, 33 F. App'x 750, 758 (6th Cir. 2002) (recognizing invalidation, in part, *by Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998)), but Plaintiff alleges no facts to support why she is entitled to punitive damages under state law. Accordingly, this claim must be dismissed.

Section 413.200 of Ky. Rev. Stat. is a repealed statute entitled, "Action against personal representative who has settled accounts," which appears to have set a limitations period for actions against fiduciaries in the probate context, *see Vaughn v. Perkins*, 576 S.W.2d 257, 260 n.1 (Ky. Ct. App. 1979), and thus has no application here. It too, must be dismissed.

Plaintiff's breach of contract claim fares no better. A claim for breach of contract requires the existence of a contract, of a breach of that contract, and that the breach caused damages.

7

*Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. Ct. App. 2007). Construing Plaintiff's allegations liberally to infer the existence of a contract between Plaintiff and Beacon for the automobile loan, she nonetheless fails to state any facts supporting Beacon's breach thereof and therefore fails to allege the required elements of a breach of contract claim under state law. *See Stout v. First Tennessee Bank*, No. 2:15-CV-02194-JTF-CG, 2015 WL 1906342, at *3 (W.D. Tenn. Apr. 20, 2015), *report and recommendation adopted*, No. 2:15-CV-02194-JTF-CG, 2015 WL 1976818 (W.D. Tenn. Apr. 30, 2015) (dismissing breach of contract claim on initial review for failing to allege the "basic elements").

In sum, Plaintiff's state law claims are too vague and conclusory to state a plausible claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555.

### E. Defendants Haesker, Rasco, and Hill

Plaintiff does not identify Defendants Haesker, Rasco, and Hill, she ascribes no actions to these Defendants, and they do not appear in the complaint outside of the caption. Accordingly, these Defendants are subject to dismissal. *See George v. Gordon*, No. 2:22-CV-1981, 2022 WL 1984933, at *3 (S.D. Ohio June 6, 2022), *report and recommendation adopted*, No. 2:22-CV-1981, 2022 WL 2528202 (S.D. Ohio July 7, 2022) ("Ultimately . . . the Court cannot draw the reasonable inference that any of these Defendants are liable for the misconduct alleged, because Plaintiff makes no factual assertions about any Defendant's conduct . . . . Even affording Plaintiff the leniency due to *pro se* complainants, the Court can do no more than guess at the nature of the claim asserted . . . . His Complaint, therefore, does not state a claim upon which relief can be granted.") (citations omitted).

## IV.

Finally, it is well established that a court possesses the inherent authority to control proceedings before it and to take any and all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Where a party repeatedly takes actions that interfere with the orderly processing of cases or that undermine the dignity and solemnity of court proceedings, a court may impose appropriate sanctions to prevent such conduct. *Id*. at 45–46. While the Sixth Circuit has held that an individual cannot be absolutely foreclosed from initiating an action or filing an appeal in federal court, a court may impose prefiling restrictions on an individual with a history of abusive or vexatious litigation. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

Plaintiff filed this action in state court proceeding *in forma pauperis*. As noted earlier, Plaintiff has been enjoined from proceeding *in forma pauperis* in the Western District of Kentucky due to her repeated failures to comply with straightforward orders from the Court. In *LLC Consulting v. Vowels*, No. 3:24-CV-00645-RGJ, 2024 WL 4800194 (W.D. Ky. Nov. 15, 2024), the Court, after four warnings, deemed Plaintiff a vexatious litigant. In doing so, the Court ordered the following:

> Lesley Vowels and LLC Consulting shall no longer be permitted to proceed *in forma pauperis* in any action in the United States District Court for the Western District of Kentucky. The Clerk of Court is **DIRECTED** not to accept for filing any complaint by Vowels or LLC Consulting that is not accompanied by the proper filing fee. Should Vowels or LLC Consulting file a new action that is not

accompanied by the filing fee, the Clerk of Court is **DIRECTED** to return the complaint with a copy of this Memorandum Opinion and Order.

2024 WL 4800194, at *2.[3]

This is one of two cases Plaintiff filed against Defendants that originated in state court. Plaintiff filed Case Nos. 25-C-033095 (removed to this Court under the instant civil action) and 25-S-000920 (removed to this Court under Civil Action No. 3:25-cv-00786-JHM). The complaints are duplicative in that they sue the same individuals and make substantially the same allegations concerning repossession of the 2021 Jeep Renegade. The submission of duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases. Additionally, Plaintiff has filed two other actions in state court that were subsequently removed and are currently pending. *See LLC Consulting et al v. Technology Plus et al.*, 3:25-cv-00405-CRS and *Vowels v. The Hartford - LTD Claims*, 3:25-cv-00430-DJH. She also filed an action in the Southern District of Indiana which was transferred to this Court. *See Vowels v. United States et al.*, 3:25-cv-00760-JHM.

Plaintiff's recent filing of actions in state court and in the Southern District of Indiana appear to be an attempt to circumvent this Court's sanction barring her from proceeding in this Court *in forma pauperis*. Moreover, her filing of duplicative actions suggests that she will continue her pattern of vexatious litigation and abuse of court resources. Plaintiff is therefore **WARNED** that, in an effort to prevent Plaintiff from avoiding this Court's sanction by filing cases in state court, she will be required to pay a sanction in the amount of $405, the amount of the federal court filing fee, regardless of whether a defendant has paid the filing fee upon removal of an action.

---

[3] Plaintiff has an extensive litigation history. Individually and through her purported company, LLC Consulting, she is listed as a plaintiff in 36 actions in this Court since 2024.

*See Blue v. Monarch Recovery Mgmt., Inc.*, No. 1:24 CV 2244, 2025 WL 638911, at *3 (N.D. Ohio Feb. 27, 2025) (sanction imposed where restricted filer bypassed enjoining order by filing FDCPA claims in state court); *Greene v. Off. of Comptroller of Currency*, No. 1:20-CV-776, 2020 WL 7327532, at *4-6 (S.D. Ohio Oct. 7, 2020), *report and recommendation adopted*, No. 1:20-CV-776, 2020 WL 6498667 (S.D. Ohio Nov. 5, 2020) (ordering sanctions where plaintiff was "openly forum shopping" and made no attempt to comply with pre-filing restrictions); *Sandles v. Geht*, No. 12-CV-12821, 2013 WL 1898301, at *2 (E.D. Mich. May 7, 2013) (imposing monetary sanction for restricted filer's violation of court's order enjoining him from filing suit without obtaining leave of the court); *Lanier v. Holiday*, No. 05-2203-M1/P, 2005 WL 1513106, at *4 (W.D. Tenn. June 16, 2005) (imposing monetary sanction for restricted filer's "willful disobedience" of the court's sanction order).

This sanction will also apply to actions Plaintiff files in other district courts which are transferred to this Court. The Court concludes that this is the least severe sanction to deter Plaintiff from filing actions in state court and in other district courts to evade this Court's prefiling restriction. This sanction has no punitive aspect and serves a purely deterrent function, and it does not close the courthouse to Plaintiff.

## V.

For these reasons, the Court will dismiss the action by separate Order.

Date: January 27, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Counsel of record
4414.015